IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE BUSTOS | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| NORTHERN LOGISTICS LLC (f/k/a ZAICARGO); ALEXANDER ZAPATA; IVAN D. ZAPATA; CARLOS E. ZAPATA | Jury Trial Demanded |
| | Document Filed Electronically |
| Defendant. | |

## INTRODUCTION

Plaintiff Jose Bustos ("Mr. Bustos" or "Plaintiff"), on his own behalf, by and through his undersigned attorneys, Pashman Stein Walder Hayden, P.C., hereby file this complaint against the Defendants Northern Logistics LLC, Alexander Zapata, Ivan D. Zapata, and Carlos E. Zapata (collectively "Defendants"), allege and show the following:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), arising from Defendant's various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Upon information and belief, Defendants violated the anti-retaliation provisions of the FLSA by terminating Plaintiff's employment for complaining about Defendants' failure to pay Plaintiff overtime compensation for all hours worked over forty (40) each workweek.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Plaintiff resides in this District.

7. Upon information and belief, Defendants regularly conducts business in this District.

## THE PARTIES

8. Plaintiff Jose Bustos is a resident of Passaic, New Jersey and former employee of Northern Logistics LLC ("Northern"), formerly known as ZAICARGO, located at 170 21st Avenue, Paterson, NJ 07501.

9. Defendant, Northern is a freight shipping and trucking company which handles the shipping of packages from the United States to Colombia – South America.

10. Upon information and belief, Defendant Northern has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief, Defendants Alexander Zapata, Ivan Zapata, and Carlos Zapata (collectively "Zapatas") are the principals, owners, officers, directors and/or managing agents of Northern and participated in the day-to-day operations of northern and acted

intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. §203d, and are jointly and severally liable with Northern.

12. Upon information and belief, the Zapatas manage and make all business decisions including but not limited to the amount in salary an employee will receive and the number of hours employees will work.

13. At all times relevant herein, Northern is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

14. On or about July 17, 2006, Northern hired Mr. Bustos to work in the warehouse on a part-time basis.

15. Mr. Bustos worked in the shipping warehouse.

16. During the latter part of 2006, Mr. Bustos began working full-time and was promoted to Warehouse Manager.

17. Although Mr. Bustos's job title was Warehouse Manager, he only had one direct report.

18. Mr. Bustos's job responsibilities included emptying the cargo from the shipping truck and entering the package information into Northern's computer system.

19. This included entering the package weight and assigning the package a proper tracking number.

20. Thereafter, the packages were arranged by weight and prepared for shipping to Colombia.

21. Northern's busy season is from September through December.

22. During this period, Mr. Bustos worked over seventy (70) hours per week.

23. For approximately a year and a half, Mr. Bustos also worked on Sundays for which he was not compensated.

24. Notwithstanding, during this period, Northern compensated Mr. Bustos only $600 in cash plus eight (8) hours of straight time pay for 48 hours of work.

25. In or about November 2016, Plaintiff complained to Jorge Zapata that he was not being compensated properly for overtime.

26. During the second week of December 2016, Mr. Bustos once again complained to Mr. Zapata that he was still owed overtime pay to which Mr. Zapata responded that he would not be paid for the overtime work.

27. Instead, shortly thereafter, Mr. Zapata called Mr. Bustos into his office and presented Mr. Bustos with a letter offering him a total of $2,212.50 in exchange for a waiver of all claims for overtime.

28. Mr. Bustos, not understanding the rights he waived, agreed to sign the letter.

29. The letter signed by Mr. Bustos is not a waiver of Mr. Bustos rights under the FLSA.

30. After signing the letter, Mr. Zapata terminated Mr. Bustos's employment.

31. Subsequently, the Company was investigated by the New Jersey Department of Labor which resulted in changes to the manner in which employees were paid overtime at the Company.

## COUNT ONE
### Federal Labor Standards Act ("FLSA"): Unpaid Overtime Wages

32. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

33. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

34. The FLSA provides that any employer who violates the provision of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

35. At all relevant times, Defendants had a policy or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT TWO
### FLSA: Retaliation

37. Plaintiffs allege and re-allege the paragraphs above.

38. Mr. Bustos reasonably believed that Northern's failure to compensate him for overtime was in violation of a law, rule or regulation, and/or was fraudulent or criminal.

39. Mr. Bustos reported Northern's failure to compensate him and its employees for overtime to Mr. Zapata.

40. Northern retaliated against Mr. Bustos for reporting Northern's failure to compensate its employees for overtime in violation of 29 U.S.C. section 215(a)(3).

41. Mr. Zapata presented Mr. Bustos with a letter offering to pay him a total of $2,212.50 in exchange for a waiver of all claims for overtime.

42. Plaintiff, not understanding the rights he waived, agreed to sign the letter.

43. Northern, thereafter, terminated Mr. Bustos's employment.

44. As a proximate result of Defendant's retaliatory actions against Plaintiff, he has suffered economic and emotional damages and has otherwise been harmed.

45. Defendants actions against Plaintiff in response to voicing a complaint to Northern, including, but not limited to, terminating Plaintiff's employment, constitutes discrimination in violation of Section 215(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

46. Due to Defendants' illegal retaliation, Plaintiff is entitled to legal and equitable relief including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, and additional amounts such as liquidated damages, interest, and reasonable attorneys' fees. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and pray for the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

b) An award of unpaid wages for all hours worked in excess of forty (40) in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, using the following common methodology for calculating damages: ((the

employee's "regular rate," as that term is defined by the FLSA multiplied by 1.5) multiplied by the employee's total number of overtime hours worked;)

c) An award of liquidated damages pursuant to 29 U.S.C. § 216;

d) An award of prejudgment and post-judgment interest;

e) An award of emotional distress damages;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

g) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff demands a trial by jury.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
Attorneys for Plaintiff

Dated: November 30, 2017        By:    /s/ *Maxiel L. Gomez*
                                       **MAXIEL L. GOMEZ**

                                       mgomez@pashmanstein.com
                                       21 Main Street, Suite 200
                                       Hackensack, NJ 07601
                                       T:(201) 488-8200
                                       F:(201) 488-5556